## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| QUANERGY SYSTEMS, INC.,[1] | Case No. 22-11305 |
| Debtor. | |

## DEBTOR'S MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE REDACTION OF CERTAIN PERSONAL IDENTIFICATION INFORMATION IN THE DEBTOR'S CREDITOR MATRIX; (II) MODIFYING THE REQUIREMENT TO FILE A LIST OF ITS EQUITY SECURITY HOLDERS AND NOTICE THERETO; AND (III) GRANTING RELATED RELIEF

Quanergy Systems, Inc., as debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case"), hereby submits this motion (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (i) authorizing the Debtor to redact certain personal identification information contained in its creditor matrix and top 30 creditors list, (ii) modifying the requirement that the Debtor file a list of its equity security holders and notice thereto, and (iii) granting related relief.  In support hereof, the Debtor relies on the *Declaration of Lawrence Perkins in Support of Debtor's Chapter 11 Petition and First Day Motions* (the "First Day Declaration"),[2] which was filed contemporaneously herewith and is incorporated herein by reference.  In further support of this Motion, the Debtor respectfully represents as follows:

---

[1]  The Debtor and the last four digits of its taxpayer identification number are: Quanergy Systems, Inc. (5845).  The Debtor's mailing address for purposes of the Chapter 11 Case is 433 Lakeside Drive, Sunnyvale, CA 94085.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

## JURISDICTION AND VENUE

1.     The Court has jurisdiction over the Chapter 11 Case and this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b), and pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtor consents to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue of the Chapter 11 Case and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.     The statutory bases for the relief requested herein are sections 105(a) and 107 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 1007, 2002(m), 9007, and 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 1001-1 and 1007-2.

## BACKGROUND

3.     On the date hereof (the "Petition Date"), the Debtor commenced a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtor is authorized to continue to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  To date, no trustee, examiner, or statutory committee has been appointed in the Chapter 11 Case.

4.     Additional information about the Debtor's business, capital structure, and the events leading up to the Petition Date can be found in the First Day Declaration.

**RELIEF REQUESTED**

5.      The Debtor respectfully requests entry of the Proposed Order (i) authorizing the Debtor to redact certain personal identification information from its creditor matrix (the "Creditor Matrix"); (ii) modifying the requirement to file a list of its equity security holders and notice thereto; and (iii) granting related relief.

**BASIS FOR RELIEF**

I.      **REDACTION OF THE PERSONAL IDENTIFICATION INFORMATION CONTAINED IN THE CREDITOR MATRIX IS APPROPRIATE AND SHOULD BE APPROVED**

6.      Section 521(a)(1)(A) of the Bankruptcy Code requires a debtor to file a list of creditors.  11 U.S.C. § 521(a)(1)(A).  Additionally, Bankruptcy Rule 1007(a)(1) requires a debtor to file "a list containing the name and address of each entity included or to be included on Schedules D, E/F, G, and H."  Fed. R. Bank. P. 1007(a)(1).  Likewise, Local Rule 1007-2(a) requires a debtor to file, together with its voluntary petition, a list containing the name and complete address of each creditor.

7.      Local Rule 1001-1(c), however, authorizes the Court to modify the application of the Local Rules "in the interest of justice."  Del. Bankr. L.R. 1001-1(c). Additionally, section 105(a) of the Bankruptcy Code allows the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

8.      Although the public has a common law "right of access to judicial proceedings and records," *Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 192 (3d Cir. 2001), the Bankruptcy Code permits courts, in appropriate circumstances, to protect individuals from an undue risk of identity theft or other unlawful injury by limiting the public's access, placing papers under seal, or otherwise entering orders to prohibit the dissemination of sensitive

information.  *See* 11 U.S.C. § 107(c); *see also Cendant*, 260 F.3d at 194 (noting the public's right

of access "is not absolute") (citation and internal quotation marks omitted); *Leucadia, Inc. v.*

*Applied Extrusion Tech., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993) ("Although the right of access is

firmly entrenched, so also is the correlative principle that the right is not absolute.") (internal

citation and quotation marks omitted).

9.     Specifically, section 107 of the Bankruptcy Code enables a court to issue

orders that protect parties from the potential harm that could result from disclosing confidential

information.  Section 107(b) of the Bankruptcy Code provides, in pertinent part, as follows:

> On the request of a party in interest, the bankruptcy court shall, and
> on the bankruptcy court's own motion, the bankruptcy court may
> protect an entity with respect to a trade secret or confidential
> research, development, or commercial information . . . .

11 U.S.C. § 107(b)(1); *see* Fed. R. Bankr. P. 9018 (same).

10.     Additionally, section 107(c) of the Bankruptcy Code provides:

> The bankruptcy court, for cause, may protect an individual, with
> respect to the following types of information to the extent the court
> finds that disclosure of such information would create undue risk of
> identity theft or other unlawful injury to the individual or the
> individual's property:
>
> (A) Any means of identification (as defined in section 1028(d) of
> title 18 [of the United States Code]) contained in a paper filed, or to
> be filed, in a case under this title.
>
> (B) Other information contained in a paper described in
> subparagraph (A).

11 U.S.C. § 107(c)(1).

11.     Further, privacy protection regulations are being enacted in key

jurisdictions.  For instance, in 2018, the state of California enacted the California Consumer

Privacy Act of 2018 (the "CCPA"), which provides individuals domiciled in California the right

to request their collected personal information be deleted by entities subject to the regulation.[3] Violators risk injunctions and civil penalties of up to $2,500 for *each* violation and up to $7,500 for *each intentional* violation.  Cal. Civ. Code § 1798.155.  The CCPA applies to all for-profit entities doing business in California that collect and process consumers' personal data and satisfy one of the following criteria:  (a) annual gross revenue in excess of $25 million; (b) buys, shares, receives, or sells the personal information of more than 50,000 consumers, households, or devices for commercial purposes; or (c) receives 50% or more of their annual revenues from selling consumers' personal information. Cal. Civ. Code § 1798.140(c)(1).

12.     The Debtor respectfully submits that it is appropriate to authorize the Debtor to redact from any paper filed or to be filed with the Court in the Chapter 11 Case the email addresses and home addresses of the Debtor's individual creditors (including employees) and equity security holders because disclosure of such information risks violating the CCPA, thereby exposing the Debtor to potential civil liability and significant financial penalties.  In addition, disclosing such information could be used by third parties, among other things, to perpetrate identity theft or locate survivors of domestic violence or stalking who have otherwise taken steps to conceal their whereabouts.  This risk is not merely speculative.  In at least one recent chapter 11 case, the abusive former partner of a debtor's employee exploited the publicly accessible creditor and employee information filed in the chapter 11 case to track the employee to her new address, which had not been publicly available until then, forcing the employee to change addresses again for her safety.  The Debtor proposes to provide an unredacted version of the Creditor Matrix and

---

[3] In *Pier 1 Imports*, Judge Huennekens was aware that publishing certain unredacted documents on the docket could implicate serious CCPA issues:  "the State of California has adopted very extensive privacy provisions that would cover something like this.  And do we need -- I mean, and this does -- this company does business in California.  I mean, they're going to be concerns there, are there not?"  Hr'g Tr. 43:2–6, *In re Pier 1 Imports, Inc.*, No. 20-30805 (KRH) (Bankr. E.D. Va. Mar. 13, 2020) [Docket No. 359].

any other redacted, applicable filings to the Court, the U.S. Trustee, counsel to any statutory committee appointed in the Chapter 11 Case, and other parties in interest upon reasonable request.

13.     Courts in this jurisdiction and others have granted the relief requested herein in other comparable chapter 11 cases.[4]  Recently, in addition to granting the requested relief, courts in this district have also stressed the importance of authorizing debtors to redact individual creditors' personally identifiable information, including home addresses in particular.   In overruling an objection by the U.S. Trustee in *Art Van Furniture* to relief similar to that which is being requested herein, Judge Sontchi noted that the proposed redaction is not a "burden of proof" issue so "much as a common sense issue."  Hr'g Tr. at 25:6–7, *In re Art Van Furniture, LLC*, No. 20-10553 (CSS) (Bankr. D. Del. Mar. 10, 2020) [Docket No. 82].[5]  Judge Sontchi found that "at this point and given the risks associated with having any kind of private information out on the internet, [redaction] has really become routine [and] I think obvious relief."  *Id.* at 25:13–16.

---

[4] *See, e.g.*, *In re Art Van Furniture, LLC*, No. 20-10553 (CSS) (Bankr. D. Del. Mar. 10, 2020) (authorizing the debtors to redact personally identifiable information, including home address information, of the debtors' individual creditors and interest holders on the creditor matrix and similar documents filed with the court); *In re Melinta Therapeutics, Inc.*, No. 19-12748 (LSS) (Bankr. D. Del. Feb. 7, 2020) (authorizing the debtors to file under seal the portions of the creditor matrix, the schedules and statements, and any related affidavits of service containing the home addresses of the debtors' current employees); *In re Clover Techs. Grp., LLC*, No. 19-12680 (KBO) (Bankr. D. Del. Feb. 4, 2020) (authorizing the debtors to redact personal identification information, including home address information, of all individuals on documents filed with the court); In *re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Dec. 19, 2019) (same); *In re Pipeline-Westlake Hospital, LLC d/b/a Westlake Hospital*, No. 19-11757 (KBO) (Bankr. D. Del. Aug. 6, 2019) (same); *In re Hexion Holdings LLC*, No. 19-10684 (KG) (Bankr. D. Del. June 24, 2019 (same); *In re Promise Healthcare Grp.*, LLC, No. 18-12491 (CSS) (Bankr. D. Del. Dec. 4, 2018) (same); *In re Keystone Tube Co., LLC*, No. 17-11330 (LSS) (Bankr. D. Del. Jun. 20, 2017) (same); *In re Dex Media, Inc.*, No. 16-11200 (KG) (Bankr. D. Del. May 18, 2016) (same).

[5] Similarly, Judge Sontchi previously overruled the U.S. Trustee's objection to the redaction of individuals' information and found that "it's just plain common sense in 2019—soon to be 2020—to put as little information out as possible about people's personal lives to present [sic] scams . . . [Identity theft] is a real-life issue, and, of course, the issue of domestic violence is extremely important."  Hr'g Tr. at 48:20–22, 49:3–5, *In re Anna Holdings*, No. 19-12551 (CSS) (Bankr. D. Del. Dec. 3, 2019) [Docket No. 112].  Notably, Judge Sontchi acknowledged that "the world is very different from [the 1980s] when you and I started practice with the problems of identity theft" and that his perspective had evolved in that he was not previously aware of "the dangers with this kind of information becoming public."  *See* Hr'g Tr. at 45:25-46:2, 47:22–24.  The Debtor reserves the right to supplement the record with respect to such risks insofar as they are not self- evident in this instance.  *Id.*

Similarly, in *Clover Technologies*, Judge Owens overruled the U.S. Trustee's objection, noting that:

> [t]o me it is common sense. I don't need evidence that there is, at best, a risk of identity theft and worse a risk of personal injury from listing someone's name and address on the internet by way of the court's electronic case filing system and, of course, the claims agent's website . . . . The court can completely avoid contributing to the risk by redacting the addresses. And while there is, of course, an important right of access we routinely redact sensitive and confidential information for corporate entities and redact individual's home addresses.

Hr'g Tr. at 24:21-25, 25:9-10, *In re Clover Techs. Grp., LLC*, No. 19-12680 (KBO) (Bankr. D. Del. Jan. 22, 2020) [Docket No. 146]. And, in *Forever 21*, in overruling the U.S. Trustee's objection, Judge Gross found that "[w]e live in a new age in which the theft of personal identification is a real risk, as is injury to persons who, for personal reasons, seek to have their addresses withheld." Hr'g Tr. at 60:22–25, *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Dec. 19, 2019) [Docket No. 605].

14.    For these reasons, the Debtor respectfully submits that cause exists to authorize the Debtor to seal, pursuant to 11 U.S.C. § 107(c)(1), personally identifiable information—including email addresses and home addresses—in respect of the Debtor's individual creditors (including employees) and interest holders who are listed on the Creditor Matrix or any other document filed with the Court. Absent such relief, the Debtor would unnecessarily render individuals more susceptible to identity theft and could jeopardize the safety of individuals by publishing their home addresses.

## II.    THE REQUIREMENT TO FILE A LIST OF ALL EQUITY SECURITY HOLDERS OF QUANERGY SYSTEMS, INC. AND NOTICE THERETO SHOULD BE MODIFIED.

15.    The Bankruptcy Rules also contain certain requirements with respect to a debtor's equity security holders. Bankruptcy Rule 1007(a)(3) requires a debtor to file, within

fourteen (14) days after the petition date, a list of the debtor's equity security holders.  Fed. R.

Bankr. P. 1007(a)(3).  Bankruptcy Rule 2002(d), in turn, requires that equity security holders be

provided notice of, among other things, the commencement of the bankruptcy case (the "Notice of

Commencement") and the confirmation hearing.  Fed. R. Bankr. P. 2002(d).  Bankruptcy courts

have authority to modify or waive the requirements under both rules.  Fed. R. Bankr. P. 1007(a)(3)

("[U]nless the court orders otherwise, the debtor shall file . . . a list of the debtor's equity security

holders . . ."); Fed. R. Bankr. P. 2002(d) ("[U]nless the court orders otherwise, the clerk . . . shall

in the manner and form directed by the court . . . give notice to all equity security holders . . .");

*see also* 11 U.S.C. § 105(a) ("The Court may issue any order, process, or judgment that is necessary

or appropriate to carry out the provisions of this title."); Fed. R. Bankr. P. 9007 ("When notice is

to be given under these rules, the court shall designate, if not otherwise specified herein, the time

within which, the entities to whom, and the form and manner in which the notice shall be given.").

16.     The Debtor submits that the requirements to file a list of, and to provide the

notice of commencement of the Chapter 11 Case (the "Notice of Commencement") directly to,

equity holders should be modified as to the Debtor in the Chapter 11 Case.  As an initial matter,

the Debtor is a publicly-traded company with approximately 16,164,406 outstanding shares of

common stock as of November 30, 2022.  The Debtor does not maintain a list of each beneficial

holder of its equity securities and therefore must obtain the names and addresses of its stockholders

from a securities agent.  Preparing and submitting such a list with last known addresses for each

such equity security holder and providing the Notice of Commencement to all such parties would

be expensive and time consuming and would serve little or no beneficial purpose.

17.     Instead, the Debtor proposes to provide such notice on its equity security

holders by: (i) publishing the Notice of Commencement on the Debtor's case website located at

https://cases.stretto.com/Quanergy; (ii) filing a Form 8-K with the Securities and Exchange Commission (the "SEC") within four (4) business days of the Petition Date, notifying the Debtor's investors and other parties of the commencement of the Chapter 11 Case, as well as any other filings with the SEC, as necessary, and other public announcements; and (iii) serving by first class mail (or email or fax, if available), the Notice of Commencement on all known registered holders of the Debtor's common stock ("Quanergy Stock") as soon as practicable after entry of the Proposed Order.  Further, to the extent equity security holders of the Debtor are entitled to vote on a chapter 11 plan, the Debtor intends to provide them with notice of the bar date and the opportunity to assert their interests.  The Debtor submits that these efforts provide adequate notice to its equity security holders.

18.     Accordingly, the Debtor respectfully requests that the requirements to file a list of and to provide notice directly to the Debtor's equity security holders be modified as set forth herein.

## COMPLIANCE WITH LOCAL RULE 9018-1(d)(IV)

19.     Under the circumstances, and given the nature of the relief requested herein, the Debtor has not been able to confer with the individuals whose information is requested to be sealed and, accordingly, the Debtor submits that there is cause to excuse the Debtor from the meet and confer obligations under Local Rule 9018-1(d).

## NOTICE

20.     Notice of this Motion has been given to (i) the U.S. Trustee; (ii) holders of the thirty (30) largest unsecured claims against the Debtor; (iii) the Internal Revenue Service; (iv) the Securities and Exchange Commission; (v) the office of the United States Attorney for the District of Delaware; and (vi) any party that has requested notice pursuant to Bankruptcy Rule 2002.  Notice of this Motion and any order entered hereon will be served in accordance with Local

29926702.7

9

Rule 9013-1(m).  The Debtor submits that, in light of the nature of the relief requested, no other

or further notice need be given.

## **CONCLUSION**

WHEREFORE, the Debtor respectfully requests entry of the Proposed Order

(i) granting the relief requested herein, and (ii) granting such other relief as is just and proper.

Dated: Wilmington, Delaware
    December 13, 2022

*/s/ Shane M. Reil*
Sean M. Beach (No. 4070)
Shane M. Reil (No. 6195)
Catherine C. Lyons (No. 6854)
Heather P. Smillie (No. 6923)
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Rodney Square
1000 N. King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Email: sbeach@ycst.com
        sreil@ycst.com
        clyons@ycst.com
        hsmillie@ycst.com
and

Cullen Drescher Speckhart (*pro hac vice* pending)
Michael A. Klein (*pro hac vice* pending)
Lauren A. Reichardt (*pro hac vice* pending)
**COOLEY LLP**
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6000
Email: cspeckhart@cooley.com
        mklein@cooley.com
        lreichardt@cooley.com

*Proposed Counsel for the Debtor and Debtor in Possession*

29926702.7

# **EXHIBIT A**

## **Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| QUANERGY SYSTEMS, INC.,[1] | Case No. 22-11305 |
| Debtor. | **Docket Ref. No. __** |

**ORDER (I) AUTHORIZING THE DEBTOR TO REDACT CERTAIN PERSONAL IDENTIFICATION INFORMATION FROM THE DEBTOR'S CREDITOR MATRIX; (II) MODIFYING THE REQUIREMENT TO FILE A LIST OF ITS EQUITY SECURITY HOLDERS AND NOTICE THERETO; AND (III) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the Debtor for entry of an order (this "Order") (i) authorizing the Debtor to redact certain personal identification information from the Debtor's Creditor Matrix, (ii) modifying the requirement that the Debtor file a list of its equity security holders and modifying notice thereto; and (iii) granting related relief, all as more fully set forth in the Motion; and this Court having reviewed the Motion and the First Day Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and this Court having determined that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having determined that venue of the Chapter 11 Case and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion and provided for herein is in the best interest of the Debtor, its estate, and its creditors; and after due deliberation and sufficient cause appearing therefor,

---

[1] The Debtor and the last four digits of its taxpayer identification number are: Quanergy Systems, Inc. (5845). The Debtor's mailing address for purposes of the Chapter 11 Case is 433 Lakeside Drive, Sunnyvale, CA 94085.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED, as set forth herein.

2.      The Debtor is authorized to redact the personally identifiable information, including,  the home addresses, of individuals listed on the Creditor Matrix or other documents filed with the Court; *provided, however,* that the Debtor shall provide an unredacted version of the Creditor Matrix and any other filings redacted pursuant to this Order to (i) this Court, the U.S. Trustee, and counsel to any statutory committee appointed in the Chapter 11 Case, and (ii) any party in interest upon a request to the Debtor (email is sufficient) or to this Court that is reasonably related to the Chapter 11 Case, or as otherwise ordered by this Court; *provided* that each party receiving an unredacted copy of the Creditor Matrix or any other applicable document shall keep such personally identifiable information confidential unless otherwise required to be disclosed by law or court order. The Debtor shall inform the U.S. Trustee promptly after denying any request for an unredacted document pursuant to this Order.

3.      Nothing in this Order shall waive or otherwise limit the service of any document upon or the provision of any notice to any individual solely because such individual's personally identifiable information is sealed or redacted pursuant to this Order.  Service of all documents and notices upon individuals whose personally identifiable information is sealed or redacted pursuant to this Order shall be confirmed in the corresponding certificate of service.  The Debtor shall provide the personally identifiable information to any party in interest that files a motion that indicates the reason such information is needed and that, after notice and a hearing, is granted by this Court.

4.      The requirement under Bankruptcy Rule 1007(a)(3) to file a list of the Debtor's equity security holders, is hereby modified, such that on or before December 30, 2022,

29926702.7

2

the Debtor shall file a list of all known registered holders of Quanergy Stock as of November 30, 2022.

5.     The requirement under Bankruptcy Rule 2002(d) to provide the Notice of Commencement to all of the equity security holders of the Debtor is hereby modified such that the Debtor shall (i) publish the Notice of Commencement on the case website in the Chapter 11 Case located at https://cases.stretto.com/Quanergy; (ii) file a Form 8-K with the SEC within four (4) business days following the Petition Date, notifying the Debtor's investors and other parties of the commencement of the Chapter 11 Case, as well as any other filings with the SEC, as necessary, and other public announcements; and (iii) serve by first class mail (or email or fax, if available), the Notice of Commencement on all known registered holders of Quanergy Stock as soon as practicable after the entry of this Order. All registered holders of Quanergy Stock, as applicable, served with the Notice of Commencement shall be required to serve such Notice of Commencement on any holder for whose benefit such registered holder holds Quanergy Stock.

6.     Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

7.     The Debtor is hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

8.     This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.