# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>QUANERGY SYSTEMS, INC.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 22-11305 |

### DEBTOR'S MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING PAYMENT OF CERTAIN PREPETITION TAXES AND FEES AND (II) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR ALL RELATED CHECKS AND ELECTRONIC PAYMENT REQUESTS

Quanergy Systems, Inc. as debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case") hereby moves the Court (this "Motion") for entry of an interim order (the "Interim Order") and a final order (the "Final Order" and, together with the Interim Order, the "Proposed Orders"), substantially in the forms attached hereto as **Exhibit A** and **Exhibit B**, pursuant to sections 105(a), 363(b), 507(a), and 541 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) authorizing it to remit and pay, in the ordinary course of business, certain prepetition taxes, including, but not limited to, income, sales, and property taxes, and various other taxes, fees, charges, and assessments and (ii) authorizing the Debtor's banks and financial institutions (collectively, the "Banks") to honor all related checks and electronic payment requests. In support of this Motion, the Debtor relies on the *Declaration of Lawrence Perkins in Support of Chapter 11 Petition and First Day Motions* (the "First Day Declaration"),[2] which was filed contemporaneously with this Motion and is

---

[1] The Debtor and the last four digits of its taxpayer identification number are: Quanergy Systems, Inc. (5845). The Debtor's mailing address for purposes of the Chapter 11 Case is 433 Lakeside Drive, Sunnyvale, CA 94085.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

29912336.6

incorporated herein by reference. In further support of this Motion, the Debtor respectfully represents as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over the Chapter 11 Case and this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b), and pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtor consents to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue of the Chapter 11 Case and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory and legal predicates for the relief requested herein are sections 105(a), 363(b), 507(a), and 541 of the Bankruptcy Code, and Bankruptcy Rules 6003 and 6004.

**BACKGROUND**

**A.     General**

3. On the date hereof (the "Petition Date"), the Debtor commenced a voluntary case under chapter 11 of the Bankruptcy Code. The Debtor is authorized to continue to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. To date, no trustee, examiner or statutory committee has been appointed in the Chapter 11 Case.

4.      Additional factual background relating to the Debtor's business, capital structure, and the commencement of the Chapter 11 Case is set forth in detail in the First Day Declaration.

**B.      Taxes and Fees Paid by the Debtor**

5.      In the ordinary course of its business, the Debtor incurs and/or collects certain prepetition taxes, including but not limited to, state income, international corporate income, sales and use, property, and franchise taxes, and various other fees, charges, and assessments (collectively, the "Taxes and Fees") and remits such Taxes and Fees to various federal, state, and local taxing and other governmental authorities and/or certain municipal or governmental subdivisions or agencies of those states (collectively, the "Taxing Authorities") in connection with its operations.[3]  The Taxes and Fees are paid in the ordinary course as they come due either monthly, quarterly, or annually to the respective Taxing Authorities, depending on the given Tax or Fee and the relevant Taxing Authority to which it is paid.[4]

6.      As of the Petition Date, the Debtor estimates that it owes $40,000 in Taxes and Fees that have accrued but are not yet due, composed entirely of current tax obligations, and which are not in respect of "catch-up" payments."

7.      By this Motion, the Debtor requests authority to pay all prepetition Taxes and Fees to the Taxing Authorities, subject to the imposition of interim and final caps as discussed

---

[3] The Debtor does not seek authority to collect and pay state and federal employee withholding taxes under this Motion, but rather requests such authority as part of the *Debtor's Motion for Entry of an Order (I) Authorizing the Debtor to Pay and Honor Certain (A) Prepetition Wages, Benefits, and Other Compensation Obligations; (B) Prepetition Employee Business Expenses; (C) Workers' Compensation Obligations; (II) Authorizing Banks to Honor and Process Checks and Transfers Related to Such Obligations; and (III) Granting Related Relief*, filed concurrently herewith.

[4] The Debtor is also subject to certain ongoing audits. For the avoidance of doubt, the Debtor is not seeking authority in this Motion to pay any prepetition liabilities related to the Taxes and Fees that may later come due as the result of an audit. The Debtor expressly reserves all rights with respect to any audit.

29912336.6

3

in greater detail below. For the avoidance of doubt, the Debtor is not seeking authority to pay any amounts on account of past-due taxes or to prepay any taxes.

8. Many Taxing Authorities impose personal liability on directors and/or responsible officers of entities responsible for collecting or paying certain taxes or fees to the extent that such taxes or fees are not remitted. Although the Debtor believes that all taxes and fees for which the Debtor's directors and/or responsible officers may be personally liable are described herein, it is possible that other prepetition obligations similar in nature (and in threat of personal liability) may be uncovered by the Debtor subsequent to the filing of this Motion. To the extent that such prepetition obligations exist, the Debtor will consider such obligations "Taxes and Fees" as that term is defined and used herein and request the authority to pay such Taxes and Fees as they may arise in the ordinary course of business.

## RELIEF REQUESTED

9. The Debtor hereby requests entry of the Proposed Orders, pursuant to sections 105(a), 363(b), 507(a), and 541 of the Bankruptcy Code, and Bankruptcy Rules 6003 and 6004, (i) authorizing, but not directing, the Debtor to pay, in its sole discretion, all prepetition Taxes and Fees, subject to the $40,000 cap set forth in the Interim and Final Orders, and (ii) authorizing the Banks to honor all related checks and electronic payment requests.

## BASIS FOR RELIEF

**I.   The Court Should Authorize, but Not Direct, the Debtor to Pay, in its Sole Discretion, the Taxes and Fees**

**A.   Payment of the Taxes and Fees is Necessary and Appropriate to Ensure the Debtor's Smooth Transition into Chapter 11**

10. The Debtor respectfully submits that the Court should authorize the payment of the Taxes and Fees because: (i) certain of the Taxes and Fees do not constitute property of the Debtor's estate; (ii) substantially all of the Taxes and Fees constitute priority claims; (iii)

29912336.6

4

the failure to pay certain of the Taxes and Fees may impact the Debtor's ability to conduct business in certain jurisdictions and its ability to perform under its postpetition agreements; and (iv) the Debtor's directors and officers may face personal liability if certain of the Taxes and Fees are not paid. Absent payment of these amounts, the Debtor may face serious disruptions and distractions during the administration of the Chapter 11 Case.

11. The sales taxes and certain of the other taxes identified above are "trust fund taxes" that, by definition, are held by the Debtor in trust for the benefit of those third parties to whom payment is owed or on behalf of whom such payment is being made. Section 541(d) of the Bankruptcy Code excludes "property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest." 11 U.S.C. § 541(d). It is well established, under section 541(d) of the Bankruptcy Code, that taxes collected on behalf of taxing authorities are not property of the estate. *See Begier v. IRS*, 496 U.S. 53, 59 (1990) (holding that taxes such as excise taxes, FICA taxes and withholding taxes are property held by the debtor in trust for another and, as such, do not constitute property of the estate); *City of Farrell v. Sharon Steel Corp. (In re Sharon Steel Corp.)*, 41 F.3d 92, 98–103 (3d Cir. 1994) (finding that funds withheld from employees' paychecks may be subject to a trust, and thus not property of a debtor's estate, even where such funds were commingled with the debtor's other property); *In re Am. Int'l Airways, Inc.*, 70 B.R. 102, 103 (Bankr. E.D. Pa. 1987) (finding that funds held in trust for federal excise taxes are not property of a debtor's estate and, therefore, are not available for distribution to creditors). Because the Taxes and Fees that are trust fund taxes do not constitute property of the Debtor's estate, these amounts will not otherwise be available for distribution to the Debtor's creditors. Thus, the payment of these Taxes and Fees will not adversely affect the Debtor's estate and the Debtor submits, is warranted under the circumstances of the Chapter 11 Case.

29912336.6

12. Moreover, to the extent that the Taxes and Fees are entitled to priority status under section 507(a)(8) of the Bankruptcy Code, they must be paid in full under any chapter 11 plan before any of the Debtor's general unsecured obligations may be satisfied. As such, to the extent that the Taxes are entitled to priority, the Debtor submits that payment thereof will not prejudice general unsecured creditors in the Chapter 11 Case.

13. The Debtor is required to pay franchise taxes and, in some instances, other Taxes and Fees to maintain its good standing to operate in the jurisdictions in which it does business. Thus, if such taxes are not paid, Taxing Authorities may refuse to issue good standing certificates and may refuse to take other actions requested of them by the Debtor during the Chapter 11 Case. These actions may hinder the Debtor's ability to maximize the value of its estate.

14. Further, the Debtor believes that some of the Taxing Authorities may initiate audits if the Debtor fails to pay the Taxes and Fees promptly. Such audits would further divert attention and resources from the process of administering the Chapter 11 Case. Moreover, as described above, the Debtor's directors and officers may be subject to personal liability in the event that the Taxes and Fees are not remitted or paid to the appropriate Taxing Authority. If any such Taxes or Fees remain unpaid, the Debtor's directors and responsible officers may be subject to lawsuits or even criminal prosecution on account of such nonpayment during the pendency of the Chapter 11 Case, which event would undermine the Debtor's efforts to maximize value for the benefit of its constituents.

15. Accordingly, the Debtor respectfully requests the authority to remit the Taxes and Fees to ensure that it and its directors, officers, and employees remain focused on preserving and maximizing the value of the Debtor's assets during the Chapter 11 Case.

29912336.6

6

### B. Payment of the Taxes and Fees is Authorized under Sections 105(a), 363, 1107(a), and 1108 of the Bankruptcy Code and the Doctrine of Necessity

16. The relief requested in this Motion is also supported by several provisions of the Bankruptcy Code that authorize a debtor to honor prepetition obligations in certain circumstances. Courts have recognized each of these provisions as valid authority for such payments. For example, under section 363(b) of the Bankruptcy Code, a court may authorize a debtor to pay certain prepetition claims. *See In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (referring to the court's earlier order authorizing payment of prepetition wages pursuant to section 363(b) of the Bankruptcy Code); *Armstrong World Indus., Inc. v. James A. Phillips, Inc. (In re James A. Phillips, Inc.)*, 29 B.R. 391, 397 (S.D.N.Y. 1983) (relying on section 363 of the Bankruptcy Code to allow a contractor to pay prepetition claims of suppliers who were potential lien claimants because the payments were necessary for general contractor to release funds owed to debtors). To do so, "the debtor must articulate some business justification, other than the mere appeasement of major creditors." *Id.*; *see also Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063 (2d Cir. 1983).

17. In addition, sections 1107(a) and 1108 of the Bankruptcy Code authorize a debtor in possession to continue to operate its business. 11 U.S.C. §§ 1107(a), 1108. Indeed, a debtor in possession operating a business under section 1108 of the Bankruptcy Code has a duty to protect and preserve the value of its business, and prepetition claims may be paid if necessary to perform the debtor's duty. *See In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002) ("There are occasions when this duty can only be fulfilled by the preplan satisfaction of a prepetition claim."). The *CoServ* court specifically noted that the pre-plan satisfaction of prepetition claims would be a valid exercise of the debtor's fiduciary duty when the payment "is the only means to effect a substantial enhancement of the estate." *Id.*

18. To supplement these explicit powers, section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Numerous courts have recognized that payments to prepetition creditors are appropriate pursuant to section 105(a) of the Bankruptcy Code under the "doctrine of necessity" or the "necessity of payment" rule where such payments are necessary to the continued operation of the debtor's business. *See, e.g.*, *In re Lehigh & New England Ry. Co.*, 657 F.2d 570, 581 (3d Cir. 1981) (holding that a court could authorize the payment of prepetition claims if such payment was essential to the continued operation of the debtor); *In re Penn Cent. Transp. Co.*, 467 F.2d 100, 102 n.1 (3d Cir. 1972) (holding that the necessity of payment doctrine permits "immediate payment of claims of creditors where those creditors will not supply services or material essential to the conduct of the business until their pre-reorganization claims have been paid"); *In re Just for Feet, Inc.*, 242 B.R. 821, 826 (D. Del. 1999) (finding that payment of prepetition claims to certain trade vendors was "essential to the survival of the debtor during the chapter 11 reorganization.").

19. The Debtor submits that the timely payment of the Taxes and Fees is essential to the success of the Debtor's sale process. Payment of the Taxes and Fees is necessary to forestall the obstacles to the Debtor's smooth transition into Chapter 11 that likely would result from a failure to remit the tax payments described herein. Specifically, the failure to maintain good standing, potential audits by Taxing Authorities, and the threat of personal liability for the Debtor's directors and responsible officers represent a few of the adverse consequences that may result from the Debtor's failure to make necessary tax payments. Significant disruptions to the Debtor's operations of this type threaten to irreparably impair the Debtor's chapter 11 efforts.

**II.    The Court Should Authorize the Banks to Honor and Process Payments on Account of the Taxes and Fees**

20.    The Debtor represents that it has sufficient funds to pay the amounts described herein in the ordinary course of business. As a result of the commencement of the Chapter 11 Case and in the absence of an order of the Court providing otherwise, the Debtor's checks and electronic fund transfers on account of the Taxes and Fees may be dishonored or rejected by financial institutions. Under the Debtor's cash management system, the Debtor can readily identify checks or transfers as relating directly to payment of Taxes and Fees. Accordingly, the Debtor believes that prepetition checks and transfers other than those for Taxes and Fees will not be honored inadvertently. The Debtor submits that each Bank should be authorized to rely on the representations of the Debtor with respect to whether any check drawn or transfer request issued by the Debtor prior to the Petition Date should be honored pursuant to this Motion.

## IMMEDIATE RELIEF IS JUSTIFIED

21.    Bankruptcy Rule 6003 provides that the relief requested in this Motion may be granted if the "relief is necessary to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003. As described above and in the First Day Declaration, the payment of the Taxes and Fees is necessary to prevent the immediate and irreparable harm to the Debtor's' operations and efforts to maximize the value of its estate that would result from, among other things, the Debtor's failure to (i) maintain good standing within the jurisdictions in which it conducts its business or (ii) protect its directors and responsible officers from personal liability. Accordingly, the Debtor submits that the relief requested herein is necessary to avoid immediate and irreparable harm and, therefore, Bankruptcy Rule 6003 is satisfied.

**WAIVER OF ANY APPLICABLE STAY**

22. The Debtor also requests that the Court waive the stay imposed by Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). As described above, the relief sought herein is necessary for the Debtor to operate its business and conduct a sale process without interruption, thereby preserving value for its estate. Accordingly, the Debtor respectfully requests that the Court waive the fourteen-day stay imposed by Bankruptcy Rule 6004(h), as the exigent nature of the relief sought herein justifies immediate relief.

**RESERVATION OF RIGHTS**

23. Nothing in the Proposed Orders or this Motion (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtor and its estate, (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtor and its estate with respect to the validity, priority, or amount of any claim against the Debtor and its estate, (iii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtor and its estate with respect to any and all claims or causes of action against any Taxing Authority, or (iv) shall be construed as a promise to pay a claim.

**NOTICE**

24. Notice of this Motion has been given to (i) the U.S. Trustee; (ii) holders of the thirty (30) largest unsecured claims against the Debtor; (iii) the Office of the United States Attorney General for the District of Delaware; (iv) the Internal Revenue Service; (v) the Securities and Exchange Commission; (vi) the Banks; and (vii) any party that has requested notice pursuant

29912336.6

to Bankruptcy Rule 2002. Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m).

## **CONCLUSION**

WHEREFORE, the Debtor respectfully requests that the Court enter the Proposed Orders granting the relief requested herein and such other and further relief as is just and proper.

Dated: Wilmington, Delaware
December 13, 2022

*/s/ Shane M. Reil*
Sean M. Beach (No. 4070)
Shane M. Reil (No. 6195)
Catherine C. Lyons (No. 6854)
Heather P. Smillie (No. 6923)
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Rodney Square
1000 N. King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Email: sbeach@ycst.com
sreil@ycst.com
clyons@ycst.com
hsmillie@ycst.com

and

Cullen Drescher Speckhart (*pro hac vice* pending)
Michael A. Klein (*pro hac vice* pending)
Lauren A. Reichardt (*pro hac vice* pending)
**COOLEY LLP**
55 Hudson Yards
New York, NY 10001-2157
Telephone: (212) 479-6000
Email: cspeckhart@cooley.com
mklein@cooley.com
lreichardt@cooley.com

*Proposed Counsel for the Debtor and Debtor in Possession*

# EXHIBIT A

**Proposed Interim Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| QUANERGY SYSTEMS, INC.,[1] | Case No. 22-11305 |
| Debtor. | **Docket Ref No. __** |

### INTERIM ORDER (I) AUTHORIZING PAYMENT OF CERTAIN PREPETITION TAXES AND FEES AND (II) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR ALL RELATED CHECKS AND ELECTRONIC PAYMENT REQUESTS

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor") for entry of an order (this "Interim Order"), pursuant to sections 105(a), 363(b), 507(a), and 541 of the Bankruptcy Code, and Bankruptcy Rules 6003 and 6004, (i) authorizing it to pay certain Taxes and Fees and (ii) authorizing the Banks to honor all related checks and electronic payment requests; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that venue of the Chapter 11 Case and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and proper and adequate notice of the Motion and the hearing thereon having been

---

[1] The Debtor and the last four digits of its taxpayer identification number are: Quanergy Systems, Inc. (5845). The Debtor's mailing address for purposes of the Chapter 11 Case is 433 Lakeside Drive, Sunnyvale, CA 94085.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or the First Day Declaration, as applicable.

given; and it appearing that no other or further notice being necessary; and it appearing that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and this Court having determined that the relief sought in the Motion is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The Debtor is authorized, but not directed, to pay prepetition Taxes and Fees owing to the Taxing Authorities in the ordinary course of its business in an amount not to exceed $40,000 pending entry of an order granting the Motion on a final basis.

3. Nothing in this Interim Order shall be construed as authorizing the Debtor to pay any amounts on account of past-due taxes or to prepay any taxes.

4. The Banks are authorized, but not directed, when requested by the Debtor, in the Debtor's discretion, to honor and process checks or electronic fund transfers drawn on the Debtor's bank accounts to pay prepetition obligations authorized to be paid hereunder, whether such checks or other requests were submitted prior to, or after, the Petition Date, provided that sufficient funds are available in the applicable bank accounts to make such payments.  The Banks are authorized, but not directed, to rely on the representations of the Debtor with respect to whether any check or other transfer drawn or issued by the Debtor prior to the Petition Date should be honored pursuant to this Interim Order, and any such Bank shall not have any liability to any party for relying on such representations by the Debtor, as provided for in this Interim Order.

5. Nothing in this Interim Order (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission

as to the validity of any claim against the Debtor and its estate, (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtor and its estate with respect to the validity, priority, or amount of any claim, (c) shall impair, prejudice, waive, or otherwise affect the rights of the Debtor and its estate with respect to any and all claims or causes of action against any Taxing Authority, or (d) shall be construed as a promise to pay a claim.

6. The Debtor is authorized to issue postpetition checks, or to effectuate postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of the Chapter 11 Case with respect to prepetition amounts owed in connection with the Taxes and Fees.

7. Objections to entry of an order granting the Motion on a final basis must be filed by _____, 202[●] at 4:00 p.m. (ET) and served on: (i) proposed counsel to the Debtor: (x) Cooley LLP, 55 Hudson Yards, New York, New York 1001, (Attn: Cullen D. Speckhart (cspeckhart@cooley.com) Michael A. Klein (mklein@cooley.com), and Lauren A. Reichardt (lreichardt@cooley.com), and (y) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Sean M. Beach (sbeach@ycst.com), Shane M. Reil (sreil@ycst.com), Catherine C. Lyons (clyons@ycst.com), and Heather P. Smillie (hsmillie@ycst.com); (ii) the U.S. Trustee, 844 King Street, Suite 2207, Wilmington, Delaware, 19801, Attn: Richard L. Schepacarter (richard.schepacarter@usdoj.gov); and counsel to any statutory committee appointed in the Chapter 11 Case. A final hearing, if required, on the Motion will be held on _____, 2023 at _____.m. (ET). If no objections are filed to the Motion, this Court may enter a final order without further notice or hearing.

29912336.6

3

8.      The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Interim Order.

9.      Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtor.

10.      Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and provisions of this Interim Order shall be immediately effective and enforceable upon its entry.

11.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Interim Order.

# EXHIBIT B

**Proposed Final Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>QUANERGY SYSTEMS, INC.,[1]<br><br>                     Debtor. | Chapter 11<br><br>Case No. 22-11305<br><br>**Docket Ref. Nos. \_\_ & \_\_\_** |

### FINAL ORDER (I) AUTHORIZING PAYMENT OF CERTAIN PREPETITION TAXES AND FEES AND (II) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR ALL RELATED CHECKS AND ELECTRONIC PAYMENT REQUESTS

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor") for entry of an order (this "Final Order"), pursuant to sections 105(a), 363(b), 507(a), and 541 of the Bankruptcy Code, and Bankruptcy Rules 6003 and 6004, (i) authorizing it to pay certain Taxes and Fees and (ii) authorizing the Banks to honor all related checks and electronic payment requests; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that venue of the Chapter 11 Case and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and proper and adequate notice of the Motion and the hearing thereon having been given; and it appearing that no other or further notice being necessary; and it appearing that the

---

[1] The Debtor and the last four digits of its taxpayer identification number are: Quanergy Systems, Inc. (5845). The Debtor's mailing address for purposes of the Chapter 11 Case is 433 Lakeside Drive, Sunnyvale, CA 94085.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or the First Day Declaration, as applicable.

29912336.6

legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and this Court having determined that the relief sought in the Motion is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on a final basis as set forth herein.

2. The Debtor is authorized, but not directed, to pay prepetition Taxes and Fees owing to the Taxing Authorities in the ordinary course of its business in an amount not to exceed $40,000.

3. Nothing in this Final Order shall be construed as authorizing the Debtor to pay any amounts on account of past-due taxes or to prepay any taxes.

4. The Banks are authorized, but not directed, when requested by the Debtor, in the Debtor's discretion, to honor and process checks or electronic fund transfers drawn on the Debtor's bank accounts to pay prepetition obligations authorized to be paid hereunder, whether such checks or other requests were submitted prior to, or after, the Petition Date, provided that sufficient funds are available in the applicable bank accounts to make such payments. The Banks are authorized, but not directed, to rely on the representations of the Debtor with respect to whether any check or other transfer drawn or issued by the Debtor prior to the Petition Date should be honored pursuant to this Final Order, and any such Bank shall not have any liability to any party for relying on such representations by the Debtor, as provided for in this Final Order.

5. Nothing in this Final Order (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtor and its estate, (b) shall impair, prejudice, waive,

29912336.6

or otherwise affect the rights of the Debtor and its estate with respect to the validity, priority, or amount of any claim, (c) shall impair, prejudice, waive, or otherwise affect the rights of the Debtor and its estate with respect to any and all claims or causes of action against any Taxing Authority, or (d) shall be construed as a promise to pay a claim.

6. The Debtor is authorized to issue postpetition checks, or to effectuate postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of the Chapter 11 Case with respect to prepetition amounts owed in connection with the Taxes and Fees.

7. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Final Order.

8. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and provisions of this Final Order shall be immediately effective and enforceable upon its entry.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Final Order.

29912336.6

3